## Case No. 18,179.

### The YOUNG AMERICA.

[1 Brown, Adm. 549.] [1]

District Court, E. D. Michigan. Feb., 1875.

COLLISION—INSUFFICIENT MANNING—PRESUMPTION OF FAULT.

1. Where the master of a small tug was also acting as wheelsman and lookout, but it was clear this fact did not contribute to the collision, *held*, the tug was not thereby chargeable with a fault.

2. But where the master, even of a small scow, was acting as wheelsman and lookout, and the proofs left it doubtful whether this contributed to the collision, the scow was *held* liable.

This was a libel, by the same libellant, in rem against the tug Young America and scow Home, and in personam against Francis B. Cottrell, owner of the scow Wilcox, for the same collision, and the two causes were heard together. The collision occurred about noon on the 22d day of November, 1871, at the lower end of the new canal on St. Clair Flats, by the libellant's vessel, the scow Liberty, first bringing up against the lower end of the pier on the port side coming down, and the scow Wilcox running into her stern while she lay against the pier, causing injury to both her stem and stern. The scow Home was in tow of the tug coming down, and the other two vessels were under sail also coming down, the tug and Home ahead, the Liberty next, and the Wilcox in the rear.

[For prior proceedings, see Case No. 18,-178.]

H. B. Brown, for libellant in both cases.
W. A. Moore, for the Young America.
John Atkinson, for the Home.
F. H. Canfield, for respondent Cottrell.

LONGYEAR, District Judge. I. The only faults charged against the tug are: First, casting off the line of the Home while still in the canal, and without any warning to the other vessels; and, second, want of necessary officers and crew. (1) The first charge is not only denied by the answer and not sustained by the proofs, but is unquestionably negatived by the proofs. (2) The second charge is sustained by the proofs in this, that the master was acting as wheelsman, and there was no lookout man on duty. The Victor [Case No. 16,933], decided by this court July 29, 1873. But no liability can be attached to the tug on this account in this case, because it is clear from the proofs that this fault did not contribute to the collision, as will appear hereafter when considering the case of the other two vessels.

II. The only charge of fault against the Home was for paying off when her line was dropped by the tug so rapidly that the Liberty could not pass her, whereby the latter was caused to collide with the pier. This is clearly not sustained by the proofs. The Home did pay off, as a matter of fact, not in consequence, however, of her line being dropped by the tug, because her line had not then been dropped, but in consequence of a puff of wind driving her up on to the tug, and obliging her to pay off to avoid running into the latter. The same puff of wind drove the Liberty at the same time up alongside and to leeward of the Home. The vessels having the wind from the starboard and nearly a-beam, the sails of the Liberty were becalmed by the wind being taken from them by the sails of the Home, and in order to extricate her the helm was put to starboard, and other measures taken to make her pay off still more. At first she did not seem to mind her helm, but when she did she payed off very suddenly and very rapidly, and although strenuous efforts were made to bring her back on her course, she proved to be unmanageable, and kept on quite sharply across the channel, and ran against and collided with the pier near its lower extremity, on the port side coming down. She struck the pier at an angle of from two to three points from the line of the channel bank, and did considerable injury to her port bow. The proofs showed that there was ample room for her to have passed between the Home and the pier, and that she could and would have done so with safety, but for her bad steering qualities or some mismanagement on board of her, or perhaps both. There was, therefore, no case made out against the Home.

III. The allegations of fault against the Wilcox are: (1) No lookout; (2) not properly manned; (3) no proper precautions to avoid the Liberty; (4) not coming to windward far enough to avoid the Liberty.

The first and second allegations of fault are fully sustained by the proofs. There was no lookout man on duty, and the master was acting as wheelsman. These are positive faults for which, in case of collision, a vessel will in all cases be held responsible, unless it can be shown by the vessel so in fault, clearly and satisfactorily, that such faults did not contribute to the collision. This was not so shown in this case. The most that can be said is that it was left in doubt whether the Wilcox could or could not have avoided the Liberty after it became certain that the latter could not be brought back on her course, and was in danger of colliding with the pier, even if the former had had a lookout man on duty, and the master had been giving his undivided attention to the navigation of his vessel. The rule above alluded to applies especially to vessels navigating narrow channels, with other vessels ahead in the channel, and in their immediate vicinity, involving the risks of emergencies, as was the case here, requiring intelligent and prompt action on the part of the officer in command. The Genesee Chief, 12 How. [53 U. S.] 443, 463; The Victor,

---

1 [Reported by Hon. Henry B. Brown, District Judge, and here reprinted by permission.]

supra. The case against the defendant Cottrell is therefore sustained.

IV. The only remaining question is whether the Liberty was herself free from fault. This must be held in the negative, for the same reasons and on the same grounds for which the Wilcox has been held liable. The libellant is therefore entitled to recover against the respondent Cottrell for a moiety only of the damages done to the stern of the Liberty. The damages done to the bow of the Liberty were done by her colliding with the pier, for which the Wilcox was in no manner responsible.

Libel against the Young America and the Home dismissed, with costs to claimants. Decree against Cottrell for a moiety of the damages occasioned by the injuries done to the stern of the Liberty by the collision, and referring it to a commission to ascertain and report the same. Costs reserved till the coming in of the commission's report. Ordered accordingly.